NO. 16-CI-848 DIV I

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CASE NO.: 16-CI - _____
DIVISION: _____

FILED 14 DAY OF DEC, 2016
SUMMONS AND _____ COPIES ISSUED
FLOYD CIRCUIT & DISTRICT COURT
BY: _____ D.C.

ERIC C. CONN, CONN LAW, P.S.C.                                    PETITIONERS

v.         **PETITION FOR DECLARATORY JUDGMENT**

UNITED STATES FIRE INSURANCE
COMPANY, THRU CRUM & FORESTER
AND PROTEXURE LAWYERS/AMERINST
PROFESSIONAL SERVICES, LTD                                        RESPONDENTS

* * * * * * * * * * * * *

Come the Petitioners, Eric C. Conn and Conn Law, P.S.C., by counsel, and for their Petition for Declaratory Judgment, state as follows:

### Jurisdiction and Venue

1. Petitioner Eric C. Conn is a resident of Stanville, Floyd County, Kentucky. Conn Law, P.S.C., is a corporation located at 9420 U.S. Highway 23 South, Stanville, Floyd County, Kentucky.

2. Respondent United States Fire Insurance Company is a New Jersey Corporation, with its principal place of business located at 305 Madison Avenue, Morristown, New Jersey, 07962-1973.

3. Crum & Forster is an authorized claims administrator for United States Fire Insurance Company, with a registered address of 305 Madison Avenue, Morristown, NY 07962-1960.

4. Protexure Lawyers/Amerinst Professional Services, LTD is an authorized claims administrator for United States Fire Insurance Company, with a registered address of 4200 Commerce Court, Suite 102, Lisle Illinois 60532.

A TRUE ATTEST
BY: _____ D.C.
DATE: 12-20-16

Page 1 of 4

5. This Petition requests the court to determine the legal rights and obligations of the parties with respect to contracts of malpractice insurance entered into by United States Fire Insurance Company and Eric C. Conn.

## Statement of Facts

6. On or about May 29, 2015, Cheryl Jeanne Martin and Robert Quinton Martin, as Class Representatives on behalf of the former clients of Eric C. Conn, filed a verified complaint in the Floyd Circuit Court, Case No. 05-CI-393 alleging claims of legal malpractice negligence, which occurred during various periods between the years 2009 through 2016.

7. Based upon information and belief, the Petitioners had policies of legal malpractice insurance with Respondent United States Fire Insurance Company from 2013-2016.

8. Based upon information and belief, the Petitioners obtained from Crum and Forster as agent a Lawyers Professional Liability Platinum Protection policy of malpractice insurance with United States Fire Insurance Company, Policy Number: 580-301780-4, with limits of $750,000.00. Said policy was effective from August 15, 2013 to August 15, 2014.

9. Based upon information and belief, the Petitioners obtained a Lawyers Professional Liability policy through Protexure Lawyers underwritten by United States Fire Insurance Company, Policy Number: 580-304003-4 with a policy effective date of August 15, 2014 to August 15, 2015.

10. Based upon information and belief, the Petitioners obtained a Lawyers Professional Liability Platinum Protection policy of malpractice insurance from Crum and Forster underwritten by United States Fire Insurance Company with limits of $750,000.00. Said policy had an effective date of August 15, 2015 to August 15, 2016.

11. On or about June 5, 2015, prior counsel for Petitioners notified Crum and Forster of pending actions against its insured, the Petitioner. Crum and Forster responded by letter dated June 19, 2015, denying coverage and asserting it had no duty to defend and/or indemnify Petitioner Conn.

12. On or about August 26, 2016, undersigned counsel notified Crum and Forster of the Third Amended Complaint and made a formal demand for indemnification and defense under the terms of the United States Fire Insurance Company and requested a full copy of the insurance policies in effect for the above time periods. No response has been received to date.

## Actual Controversy

13. An actual controversy exists between United States Fire Insurance Company, through Crum and Forster and Protexure Lawyers, and Petitioner Eric C. Conn with regard to whether he is entitled to indemnification and defense under the terms of said policies.

14. The controversy between Eric Conn and United States Fire Insurance Company is substantial and requires an immediate and definitive determination of the legal rights of the parties.

WHEREFORE, Eric C. Conn and Conn Law, P.S.C. request the court to determine the legal rights and obligations of the parties. The Petitioners also further request a trial by jury on all matters so triable and for such other further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Scott White*

Scott White
Sarah R. Hays
FOGLE KELLER PURDY, PLLC
300 East Main Street
Suite 400
Lexington, Kentucky 40507
(859) 253-4700
(859) 253-4702 (fax)
scottwhite@fkplaw.com

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CASE NO. 16-CI-00848
DIVISION NO. I

*(Electronically Filed)*

ERIC CONN et al.                                                   PLAINTIFFS

v.     **ANSWER OF UNITED STATES FIRE INSURANCE COMPANY**

UNITED STATES FIRE INSURANCE COMPANY et al.     DEFENDANTS

\* \* \* \* \* \* \*

Defendants, United States Fire Insurance Company and Crum & Forster ("USFIC"), incorrectly identified in the Petition for Declaratory Judgment as "United States Fire Insurance Company, thru Crum & Forester", for their Answer states as follows:

### FIRST DEFENSE

1.     USFIC lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraphs 1, 4, 6, 12, 13 and 14 of the Petition and, therefore, denies them.

2.     USFIC admits so much of the allegations contained in Paragraph 2 of the Petition that the principal place of business for United States Fire Insurance Company is located in New Jersey as alleged. United States Fire Insurance Company is a Delaware domiciled corporation; accordingly, USFIC denies the remaining allegations in Paragraph 2 of the Petition.

3.     Regarding the allegations in Paragraph 3 of the Petition, USFIC states that Crum & Forster provides claim handling services for United States Fire Insurance Company and is located at the address identified. USFIC further states that Crum &

Forster issued no policy of insurance to Plaintiffs that is the subject of this action and therefore is not a proper party to this Petition seeking a declaration of rights regarding insurance benefits.

4. Regarding the allegations in Paragraph 5 of the Petition, USFIC admits that Plaintiffs have filed a Petition for Declaratory Judgment with respect to insurance policies between Plaintiffs and United States Fire Insurance Company. USFIC lacks knowledge sufficient to admit or deny any allegations in Paragraph 5 regarding Defendant Protexture. USFIC denies any allegations in Paragraph 5 specific to Crum & Forster and all other remaining allegations in Paragraph 5 of the Petition.

5. USFIC admits so much of the allegations in Paragraphs 7, 8, 9 and 10 of the petition that policies of malpractice insurance were issued by United States Fire Insurance Company. These policies are the best evidence of the terms and provisions provided therein. USFIC denies any allegation in Paragraphs 7, 8, 9 and 10 of the Petition that any policy was issued to Plaintiff "from Crum and Forster." USFIC denies any remaining allegations in Paragraphs 7, 8, 9 and 10 of the Petition inconsistent with the terms and provisions, including exclusions.

6. Regarding the allegations contained in Paragraphs 11 and 12 of the Petition, USFIC states that the identified correspondences, if any, are the best evidence of any statements contained therein. USFIC denies any remaining allegations contained in Paragraphs 11 and 12 of the Petition.

**SECOND DEFENSE**

7. Each allegation of the Petition not specifically admitted to be true is denied.

## THIRD DEFENSE

8. The Petition fails to state a claim, in whole or in part, upon which relief can be granted. Crum & Forster issued no insurance policy to Plaintiffs.

## FOURTH DEFENSE

9. USFIC affirmatively pleads the defenses of estoppel, waiver and failure of conditions precedent.

## FIFTH DEFENSE

10. As an affirmative defense, USFIC relies upon all provisions, including exclusions, and requirements set forth in the applicable policy or policies of insurance.

## SIXTH DEFENSE

11. USFIC reserves the right to raise any and all other defenses, affirmative or otherwise, about which it presently lacks sufficient information but, which may become or appear available during the course of this litigation.

**WHEREFORE**, United States Fire Insurance Company and Crum & Forster respectfully demands:

1. That the Petition be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That they be awarded costs herein expended and, if applicable, reasonable attorney's fees; and

3. Any and all other relief to which it may appear to be entitled.

Respectfully submitted,

s/Christopher M. Mussler
Christopher M. Mussler
GWIN STEINMETZ & BAIRD, PLLC
401 West Main Street
Suite 1000
Louisville, KY 40202
Phone: 502.618.5700
Fax:   502.618.5701
*Counsel for United States Fire Insurance Company*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via U.S. Main, postage pre-paid and Electronically on this 30th day of January, 2017 upon:

Scott White
Sarah R. Hays
Fogle Keller Purdy, PLLC
300 East Main Street, Suite 400
Lexington, KY 40507
*Counsel for Plaintiffs*

Jeffrey S. Mood
Matthew W. Breetz
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
*Attorneys for Defendant, Protexture Lawyers/Amernist Professional Services, LTD.*

s/Christopher M. Mussler
*Counsel for Defendant,
United States Fire Ins. co.*

Filed         16-CI-00848   01/23/2017        Douglas R. Hall, Floyd Circuit Clerk

ORIGINAL DOCUMENT
01/27/2017 04:59:50 PM
86941

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
CASE NO. 16-CI-848
DIVISION NO. I

(Electronically Filed)

| | |
|---|---|
| ERIC C. CONN *et al.* | **PLAINTIFFS** |
| v.   PROTEXURE LAWYERS/AMERINST PROFESSIONAL SERVICES, LTD.'S ANSWER TO COMPLAINT | |
| UNITED STATES FIRE INSURANCE COMPANY *et al.* | **DEFENDANTS** |

\* \* \* \* \*

The defendant, Protexure Lawyers/Amerinst Professional Services, Ltd., for its answer to the plaintiffs' complaint for declaratory judgment, states as follows:

1. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. In response to paragraph 4 of the complaint, Protexure admits that it has an office located at 4200 Commerce Court, Suite 102, Lisle, Illinois 60532. Protexure denies any allegations contained in paragraph 4 of the complaint that are inconsistent with these express admissions, and further denies all remaining allegations in paragraph 4.

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

ANS : 000001 of 000005

Filed         16-CI-00848   01/23/2017        Douglas R. Hall, Floyd Circuit Clerk

Filed          16-CI-00848     01/23/2017          Douglas R. Hall, Floyd Circuit Clerk

01/27/2017 04:59:50 PM
86941

5. In response to paragraph 5 of the complaint, Protexure denies the allegations as they pertain to Protexure. Further answering, Protexure admits that the plaintiffs have filed a complaint for declaratory judgment with respect to the insurance policy or policies entered into by the plaintiffs and United States Fire Insurance Company. Protexure denies any allegations contained in paragraph 5 of the complaint that are inconsistent with these express admissions, and further denies all remaining allegations in paragraph 5.

6. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

-2-

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

ANS : 000002 of 000005

Filed          16-CI-00848     01/23/2017          Douglas R. Hall, Floyd Circuit Clerk

Case: 7:17-cv-00025-ART-EBA   Doc #: 1-1   Filed: 01/31/17   Page: 11 of 13 - Page ID#: 14
Filed          16-CI-00848     01/23/2017        Douglas R. Hall, Floyd Circuit Clerk

01/27/2017 04:59:50 PM
86941

13. In response to paragraph 13 of the complaint, Protexure denies the allegations as they pertain to Protexure. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the complaint.

14. Protexure lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Protexure denies any facts and allegations recited in the complaint not expressly admitted herewith.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. The complaint fails to state a claim against Protexure upon which relief can be granted.

2. The plaintiffs' claims are barred because Protexure did not issue any insurance policies to plaintiffs.

3. The plaintiffs' claims are barred because Protexure did not administer the claim referenced in the plaintiffs' complaint.

4. The plaintiffs' claims are barred for lack of consideration and lack of privity of contract.

5. The plaintiffs have suffered no actionable injury, damage, or harm attributable to Protexure.

6. Protexure has not breached any duty owed to the plaintiffs.

7. The plaintiffs' claims are barred because there is no case or controversy between the plaintiffs and Protexure.

-3-

8. The plaintiffs' claims may be barred, in whole or in part, due to insufficiency of process or insufficiency of service of process.

9. The plaintiff's claims for relief may be barred, in whole or in part, by the terms, conditions, and/or exclusions contained in the policy or policies issued by United State Fire Insurance Company.

10. The plaintiffs' claims may be barred, in whole or in part, due to the plaintiffs' failure to join necessary and indispensable parties.

11. The plaintiffs' claims may be barred, in whole or in part, due to the doctrines of estoppel, laches, and/or waiver.

12. Protexure reserves the right to remove this action to federal court once the other defendants appear before this Court.

13. Protexure reserves the right to raise any and all other defenses, affirmative or otherwise, about which it presently lacks sufficient information but which may become or appear available during the course of this litigation.

WHEREFORE, the defendant, Protexure Lawyers/Amerinst Professional Services, Ltd., respectfully demands:

1. Dismissal of the plaintiffs' complaint with prejudice;

2. Recovery of its costs and fees incurred herein; and,

3. Any and all further relief to which it is entitled.

-4-

Presiding Judge: HON. JOHNNY RAY HARRIS (631314)

ANS : 000004 of 000005

Case: 7:17-cv-00025-ART-EBA Doc #: 1-1 Filed: 01/31/17 Page: 13 of 13 - Page ID#: 16
Filed 16-CI-00848 01/23/2017 Douglas R. Hall, Floyd Circuit Clerk

ORIGINAL DOCUMENT
01/27/2017 04:59:50 PM
86941

/s/ Jeffrey S. Moad
Matthew W. Breetz
Jeffrey S. Moad
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
Facsimile: (502) 587-6391
E-mail: mbreetz@stites.com
jmoad@stites.com

COUNSEL FOR DEFENDANT,
PROTEXURE LAWYERS/AMERNIST
PROFESSIONAL SERVICES, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served by United States First Class Mail, postage prepaid, on this 23th of January, 2017, to the following:

Scott White
Sarah R. Hays
FOGLE KELLER PURDY, PLLC
300 East Main Street, Suite 400
Lexington, KY 40507
*Counsel for Plaintiffs*

United States Fire Insurance Company
305 Madison Avenue
Morristown, NJ 07962

Crum & Forster
305 Madison Avenue
Morristown, NJ 07962

/s/ Jeffrey S. Moad
Counsel for Protexure Lawyers/
Amerinst Professional Services, Ltd.